951 F.2d 1261
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Billy Ray DAVIS, Defendant-Appellant.
 No. 91-7032.
 United States Court of Appeals, Tenth Circuit.
 Dec. 16, 1991.
 
 Before McKAY, Chief Judge, EBEL, Circuit Judge, and KANE,[1] District Judge.
 ORDER AND JUDGMENT[2]
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant challenges a district court order sentencing him to a term of imprisonment to run consecutively to a prior unexpired sentence. Appellant was arrested for possession of weapons while on parole from a sentence imposed in a prior federal drug conviction. Following a hearing, Appellant's parole was revoked and he was returned to a federal correctional facility to serve the remainder of the prior sentence. Subsequently, Appellant pled guilty to the possession of weapons charge. The district court ordered that Appellant's sentence for the weapons conviction be served consecutively to the prior unexpired sentence.
 
 
 3
 Appellant now contends the district court erred by imposing a consecutive sentence. Appellant further argues that the imposition of a consecutive sentence based upon the same conduct for which his parole was revoked violates his rights under the double jeopardy clause of the Fifth Amendment to the United States Constitution.
 
 
 4
 We review the legality of a sentence de novo. United States v. Duncan, 870 F.2d 1532, 1535 (10th Cir.), cert. denied, 110 S.Ct. 264 (1989). Sentencing that falls within the statutory limits, however, is reviewable only for an abuse of discretion. Id. At the time the district court imposed Appellant's consecutive sentence the commentary to Section 5G1.3 of the sentencing guidelines stated, "Where the defendant is serving an unexpired term of imprisonment, but did not commit the incident offense while serving that term of imprisonment, the sentence for the incident offense may be imposed to run consecutively or concurrently with the unexpired term of imprisonment." See United States Sentencing Commission Guidelines Manual, Appendix C, Amendment 385, at 212. Thus, the district court had express discretion to sentence Appellant for a term to run consecutively to his prior unexpired sentence. We conclude that the district court did not abuse this discretion.
 
 
 5
 We further conclude that Appellant's double jeopardy rights are not implicated here. Appellant's consecutive sentences were imposed for two different crimes. This is true notwithstanding the fact that Appellant's second sentence is based upon the same conduct for which his parole from the first sentence was revoked.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [2]
 Honorable John L. Kane Jr., United States District Judge for the District of Colorado, sitting by designation